UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

―――――――――――――――――――――――X
U.S. Bank Trust National Association,
as Trustee, for ABS Loan Trust V,
      Plaintiff,
v.                                                                    CIVIL ACTION NO.

Donna L. Ratte, Michael D. Ratte, and
Bank of America, N.A.,
      Defendants,

and

Velocity Investments, LLC and Barclays
Bank Delaware,
      Parties-in-Interest.
―――――――――――――――――――――――X

## VERIFIED COMPLAINT

NOW COMES the Plaintiff, U.S. Bank Trust National Association, as Trustee, for ABS Loan Trust V ("U.S. Bank"), by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby brings this Complaint to quiet title to the property located at 14 Taylor Road a/k/a 14 Taylor Street, Georgetown, MA 01833 (the "Property"). U.S. Bank advances its Complaint by alleging the following:

### PARTIES

1. U.S. Bank is a foreign corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 60 Livingston Avenue, St. Paul, MN 55107.

2. U.S. Bank is acting solely in its capacity as trustee for ABS Loan Trust V.

3. Upon information and belief, the Defendant, Donna L. Ratte, is an individual residing at the Property.

4. Upon information and belief, the Defendant, Michael D. Ratte, is an individual residing at the Property.

5. The Defendant, Bank of America, N.A. ("BOA"), is a national bank organized and existing under the laws of the United States of America with its principal place of business located at 100 North Tryon Street, Charlotte, NC 28255.

6. The Party-in-Interest, Barclays Bank Delaware is a state-chartered bank organized and existing under the laws of the State of Delaware with its principal place of business located at 125 South West Street, Wilmington, DE 19801. Barclays Bank Delaware is the judgment creditor named in an Execution recorded on title to the Property with the Essex County (Southern District) Registry of Deeds in Book 37124, Page 464.[1]

7. The Party-in-Interest, Velocity Investments, LLC, is a foreign limited liability company organized and existing under the laws of the State of New Jersey with its principal place of business located at 1800 Route 34 North, Suite 305, Wall NJ 07719. Velocity Investments is the judgment creditor named in an Execution recorded on title to the Property with the Essex County (Southern District) Registry of Deeds in Book 37293, Page 5.[2]

## JURISDICTION

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1)(Diversity) because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds the jurisdictional threshold of $75,000.00.

9. In determining the amount in controversy with respect to actions seeking declaratory relief

---

[1] *See* Exhibit R (a true and correct copy of the Barclays Judgment is attached hereto and incorporated herein).
[2] *See* Exhibit S (a true and correct copy of the Velocity Judgment is attached hereto and incorporated herein).

regarding a mortgagee's right to foreclose, the First Circuit Court of Appeals has expressed a preference for the "face-value-of-the-loan rule."[3]

10. Further, the amount in controversy in an action seeking declaratory relief, such as the instant action, may be appropriately determined by the value of the object of the litigation.[4]

11. Here, the object of the instant litigation is the mortgage on the Property given by Donna L. Ratte and Michael D. Ratte (hereinafter collectively referred to as the "Mortgagors") to BOA dated October 10, 2006, recorded with the Essex County (Southern District) Registry of Deeds in Book 26183, Page 363 ("Second Mortgage").[5]

12. The face value of the Second Mortgage is $204,000.00.[6]

13. Further, the total debt owed under the terms of the Second Mortgage loan is in excess of $228,884.91.[7]

14. Additionally, the Town of Georgetown Assessor's Office has assessed the value of the Property secured by the Second Mortgage to be $422,300.00.[8]

15. Thus, the amount in controversy exceeds the jurisdictional threshold of $75,000.00.

## VENUE

16. Venue is properly exercised pursuant to 28 U.S.C. § 1931(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in

---

[3] *See McKenna v. U.S. Bank, N.A.*, 693 F.3d 207, 212 (1st Cir. 2012).
[4] *See Hunt v. Washington State Apple Adv.* Comm'n, 432 U.S. 333, 347 (1977); *CE Design Ltd. v. American Economy Ins. Co.*, 755 F.3d 39, 48 (1st Cir. 2014)(holding that the amount in controversy is properly determined by the value of the property is apparent or easily ascertainable); *Bobola v. U.S. Bank, N.A.*, No. 14-14735-MLW, 2016 WL 4844039, at *3 (D. Mass. Sept. 13, 2016)(recognizing that in an action seeking declaratory relief regarding a mortgagee's rights in the mortgaged premises, the amount in controversy is properly calculated by looking to the value of the mortgaged premises)(citing *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013); *see also Richard C. Young & Co., Ltd. v. Leventhal*, 389 F.3d 1, 3 (1irst Cir. 2004)(recognizing that it is proper for Courts to consider the value of the object of litigation when determining the amount in controversy).
[5] *See* Exhibit A (a true and correct copy of the Second Mortgage is attached hereto and incorporated herein).
[6] *See* Exhibit A.
[7] *See* Exhibit B (a true and correct copy of the Financial Breakdown Summary is attached hereto and incorporated herein).
[8] *See* Exhibit C (a true and correct copy of the Assessor's Property Report is attached hereto and incorporated herein).

Massachusetts and the Property is located in Massachusetts.

## FACTUAL ALLEGATIONS

17. The Mortgagors are the owners of the Property by virtue of a Quitclaim Deed dated October 10, 2006, recorded with the Essex County (Southern District) Registry of Deeds in Book 26183, Page 345.[9]

18. On October 10, 2006, Michael D. Ratte executed and delivered a Bank of America Equity Maximizer Agreement and Disclosure Statement ("Note") in the amount of $204,000.00.[10]

19. BOA endorsed the Note in blank.[11]

20. U.S. Bank is the holder/owner of the Note.

21. The Mortgagors gave a Mortgage on the Property to BOA dated October 10, 2006, and recorded with the Essex County (Southern District) Registry of Deeds in Book 26183, Page 347 ("First Mortgage").[12]

22. To secure the debt evidenced by the Note, the Mortgagors gave the Second Mortgage on the Property to BOA.[13]

23. On June 30, 2009, the Mortgagors filed a Petition for Relief under Chapter 7 of the United States Bankruptcy Code. Bankruptcy Petition #: 09-16105.[14]

24. On September 30, 2009, the Mortgagors received a Discharge in their Chapter 7 Bankruptcy.[15]

25. On January 2, 2013, the First Mortgage was assigned to Nationstar Mortgage LLC

---

[9] *See* Exhibit D (a true and correct copy of the Deed is attached hereto and incorporated herein).
[10] *See* Exhibit E (a true and correct copy of the Note is attached hereto and incorporated herein).
[11] *See* Exhibit E.
[12] *See* Exhibit F (a true and correct copy of the First Mortgage is attached hereto and incorporated herein).
[13] *See* Exhibit A.
[14] *See* Exhibit G (a true and correct copy of the Docket for Petition No. 09-16105 is attached hereto and incorporated herein).
[15] *See* Exhibit G.

("Nationstar") by virtue of an Assignment of Mortgage dated January 2, 2013, and recorded with the Essex County (Southern District) Registry of Deeds in Book 32099, Page 50.[16]

26. On September 25, 2014, BOA and Nationstar entered into a Real Estate Subordination Agreement ("Subordination Agreement"), which was recorded with the Essex County (Southern District) Registry of Deeds on November 14, 2014, in Book 33672, Page 445.[17]

27. The Mortgagors gave a third Mortgage on the Property to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Nationstar dated November 6, 2014, and recorded with the Essex County (Southern District) Registry of Deeds in Book 33671, Page 064 ("Third Mortgage").[18]

28. The Subordination Agreement subordinates the Second Mortgage and the rights thereunder to the Third Mortgage and the rights thereunder.[19]

29. On January 9, 2015, BOA caused a Release of the First Mortgage to be recorded with the Essex County (Southern District) Registry of Deeds in Book 33790, Page 256 ("Discharge").[20]

30. The First Mortgage was assigned to Nationstar prior the execution of the Discharge by BOA and, as a result, the Discharge is defective.[21]

31. The defective Discharge presents a cloud on title to the Property with respect to the priority of the Second and Third Mortgages.

32. On November 1, 2018, the servicing of the Second Mortgage loan was transferred to Select

---

[16] *See* Exhibit H (a true and correct copy of the Nationstar Assignment of Mortgage is attached hereto and incorporated herein).
[17] *See* Exhibit I (a true and correct copy of the Subordination Agreement is attached hereto and incorporated herein).
[18] *See* Exhibit J (a true and correct copy of the Third Mortgage is attached hereto and incorporated herein).
[19] *See* Exhibits A, I & J.
[20] *See* Exhibit K (a true and correct copy of the Discharge is attached hereto and incorporated herein).
[21] *See* Exhibits F, H & K.

Portfolio Servicing, Inc. ("SPS").[22]

33. The Second Mortgage was assigned to ABS Loan Trust V by virtue of an Assignment of Mortgage dated December 27, 2018, and recorded with the Essex County (Southern District) Registry of Deeds in Book 37257, Page 378 ("ABS Loan Trust V Assignment").[23]

34. The rights of the beneficiaries of the ABS Loan Trust V must be administered through the Trustee.[24]

35. Accordingly, the ABS Loan Trust V Assignment is defective as the Second Mortgage should have been assigned to U.S. Bank as Trustee for the ABS Loan Trust V.[25]

36. The assignee on the ABS Loan Trust V Assignment should be identified as "U.S. Bank Trust National Association as Trustee for ABS Loan Trust V and not ABS Loan Trust V."[26]

37. The Mortgagors defaulted under the terms of the Second Mortgage loan due to their failure to satisfy the monthly payment obligations thereunder.

38. As a result of their default, on or about October 17, 2019, SPS served the Mortgagors with a 90-Day Right to Cure Your Mortgage Default and a Notice of Right to Request a Modified Mortgage Loan pursuant to G.L. c. 244, §§ 35A and 35B and as the applicable terms of the Ratte Mortgage Contract ("Notice of Right to Cure").[27]

39. The Mortgagors failed to cure their default by January 18, 2020, the expiration date of the Notice of Right to Cure, and the Second Mortgage loan remains due for the December 15, 2015, payment and all subsequent payments due thereunder.[28]

---

[22] *See* Exhibit L (a true and correct copy of the Service Transfer letter is attached hereto and incorporated herein)..
[23] *See* Exhibit. A & M (a true and correct copy of the ABS Loan Trust V Assignment is attached hereto and incorporated herein).
[24] *See Chamberlain v. James*, 294 Mass. 1, 7 (1936).
[25] *See id.*
[26] *See* Exhibit N (a true and correct copy of the Trust Agreement is attached hereto and incorporated herein).
[27] *See* Exhibit O (a true and correct copy of the Notice of Right to Cure is attached hereto and incorporated herein).
[28] *See* Exhibit O.

40. On April 3, 2020, ABS Loan Trust V assigned the Second Mortgage to U.S. Bank by virtue of an Assignment of Mortgage dated April 3, 2020, and recorded with the Essex County (Southern District) Registry of Deeds in Book 38467, Page 400 ("U.S. Bank Assignment").[29]

41. The U.S. Bank Assignment is defective as the rights to the trust property must be administered by the Trustee of the ABS Loan Trust V.[30]

42. On November 17, 2021, a search of the Department of Defense Manpower Data Center online records indicates that the Mortgagors are not currently on active duty with the United States Military.[31]

## COUNT I
## IMPROPERLY DISCHARGED MORTGAGE

43. U.S. Bank repeats and re-alleges Paragraphs 1 through 42 as if fully set forth herein.

44. The First Mortgage was assigned to Nationstar on January 2, 2013.[32]

45. BOA Recorded the Discharge of the First Mortgage after assigning the Mortgage to Nationstar.[33]

46. The Discharge is flawed as Nationstar was the assignee/holder of the First Mortgage at the time of the Discharge.[34]

47. The defective Discharge presents a cloud on title to the Property with respect to the status and effect of the First Mortgage.

48. Title to the Property should be reformed to reflect the First Mortgage as having been

---

[29] *See* Exhibit P (a true and correct copy of the U.S. Bank Assignment is attached hereto and incorporated herein).
[30] *See Chamberlain*, 294 Mass. at 7.
[31] *See* Exhibit Q (a true and correct copy of the SCRA search is attached hereto and incorporated herein).
[32] *See* Exhibits F & H.
[33] *See* Exhibits F, H & K.
[34] *See* Exhibits F, H & K.

effectively discharged.

49. U.S. Bank is entitled to a Judgment quieting title to the Property to reflect the First Mortgage as effectively discharged.

## COUNT II
## REFORMATION OF ASSIGNMENT OF MORTGAGE

50. U.S. Bank repeats and re-alleges Paragraphs 1 through 49 as if fully set forth herein.

51. The trustee must administer the rights of the trust beneficiaries with respect to the trust property.[35]

52. U.S. Bank is the duly authorized trustee of the ABS Loan Trust V.[36]

53. U.S. Bank, as Trustee is the true and lawful holder/owner of the Note, which is endorsed in blank.[37]

54. U.S. Bank, as Trustee is the true and lawful holder of the Second Mortgage.[38]

55. BOA assigned the Second Mortgage to the ABS Loan Trust V.[39]

56. The ABS Loan Trust V Assignment is flawed as BOA should have assigned the Second Mortgage to U.S. Bank as Trustee for the ABS Loan Trust V.

57. The U.S. Bank Assignment is defective as the ABS Loan Trust V must enforce its rights in the trust property – the Second Mortgage – through the Trustee.

58. The ABS Loan Trust V Assignment should be reformed to identify the assignee as "U.S. Bank Trust National Association as Trustee for ABS Loan Trust V."

59. U.S. Bank is entitled to a Judgment quieting title to the Property to reform the ABS Loan Trust V Assignment to reflect U.S. Bank Trust National Association as Trustee for the

---

[35] *See Chamberlain*, 294 Mass. at 7.
[36] *See* Exhibit N.
[37] *See* Exhibit E.
[38] *See* Exhibits M & P.
[39] *See* Exhibit M.

ABS Loan Trust V as the assignee and mortgagee of record of the Second Mortgage.

## COUNT III
## SERCICEMEMBERS CIVIL RELIEF ACT

60. U.S. Bank repeats and re-alleges Paragraphs 1 through 59 as if fully set forth herein.

61. A search of the Department of Defense Manpower Data Center online records conducted on November 17, 2021, indicates that the Mortgagors are not currently on active duty with the United States Military.[40]

62. As such, the Mortgagors are not entitled to the benefit of the Servicemembers Civil Relief Act, 50 U.S.C. App. § 501 (*et seq*).

63. U.S. Bank seeks a judicial determination that the Mortgagors are not entitled to the benefit of the Servicemembers Civil Relief Act, 50 U.S.C. App. § 501 (*et seq*).

## COUNT IV
## CONDITIONAL JUDGMENT

64. U.S. Bank repeats and re-alleges Paragraphs 1 through 63 as if fully set forth herein.

65. The Mortgagors are in default under the terms of the Second Mortgage Loan Contract due to their failure to make the December 1, 2015, payment and all subsequent payments due thereunder.[41]

66. The Mortgagors' default constitutes a material breach of the Second Mortgage Loan Contract.[42]

67. U.S. Bank is the true and lawful holder of the Second Mortgage.[43]

68. U.S. Bank is the holder/owner of the Note, which is endorsed in blank.[44]

---

[40] *See* Exhibit Q.
[41] *See* Exhibit O.
[42] *See* Exhibits A & E.
[43] *See* Exhibits M & P.
[44] *See* Exhibit E.

69. As a result of their default, on or about October 17, 2019, U.S. Bank caused the Mortgagors to be served with a Notice of Right to Cure pursuant to G.L. c. 244, § 35A and the applicable terms of the Second Mortgage Contract.[45]

70. The Mortgagors failed to cure their default, and the Second Mortgage Loan remains due for the December 1, 2015, payment, and all subsequent payments due thereunder.

71. As a result of their default, U.S. Bank is entitled to foreclose the Second Mortgage Loan by sale of the Property.[46]

72. Pursuant to G.L. c. 244, §§ 3 & 11, this Court should enter a Conditional Judgment authorizing U.S. Bank to sell the Mortgagors' interest in the Property pursuant to the statutory power of sale incorporated into the Ratte Mortgage Contract.

## COUNT V
## FORECLOSURE BY EXERCISE OF THE STATUTORY POWER OF SALE

73. U.S. Bank repeats and re-alleges Paragraphs 1 through 72 as if fully set forth herein.

74. U.S. Bank alleges on information and belief that the Mortgagors are the only persons holding an equity of redemption in the Property covered by the Second Mortgage so far as appears in the Essex County Registry of Deeds.

75. The Second Mortgage incorporates by reference the statutory power of sale found at G.L. c. 183, § 21.[47]

76. The Mortgagors are in default under the terms of the Second Mortgage Loan Contract as a result of their failure to satisfy their monthly payment obligations thereunder.

77. Pursuant to G.L. c. 183, § 21, as incorporated within the terms of the Second Mortgage, upon the entry of a Conditional Judgment in his favor, U.S. Bank seeks to proceed with a

---

[45] *See* Exhibit O.
[46] *See* Exhibit A p. 7.
[47] *See* Exhibit A p. 7.

foreclosure sale of the Mortgagors' interest in the Property due to their default.

78. Pursuant to G.L. c. 244, 11, upon entering a conditional judgment in favor of U.S. Bank, the Court should order the Mortgagors' interest in the Property sold pursuant to the statutory power of sale found at G.L. c. 183, § 21.

## COUNT VI
## POSSESSION

79. U.S. Bank repeats and re-alleges Paragraphs 1 through 78 as if fully set forth herein.

80. The Mortgagors' right, title and interest in the Property will be terminated upon the foreclosure of the Second Mortgage and execution of the Memorandum of Sale Contract at U.S. Bank's foreclosure sale of the Property.

81. Accordingly, the Mortgagors' right to possess the Property will be terminated upon U.S. Bank's foreclosure of the Second Mortgage Loan Contract.

82. U.S. Bank, its successors and assigns, will be entitled to a Judgment for Possession upon the completion of the foreclosure sale of the Property.

WHEREFORE, U.S. Bank respectfully requests that this Court:

1. Enter a Judgment quieting title to the Property to reflect the First Mortgage as Discharged *nunc pro tunc* to January 9, 2015;

2. Enter a Judgment quieting title to the Property to reflect U.S. Bank Trust National Association as Trustee for the ABS Loan Trust V as the assignee and mortgagee of record of the Second Mortgage *nunc pro tunc* to December 27, 2018;

3. Enter Judgment finding that the Mortgagors are not entitled to the benefit of the Servicemembers Civil Relief Act;

4. Enter a Conditional Judgment in favor of U.S. Bank;

5. Order the Property sold pursuant to G.L. c. 183, § 21 and the terms of the Second Mortgage

Contract;

6. Find that U.S. Bank will be entitled to Possession of the Property upon completion of a sale pursuant to G.L. c. 183, § 21; and

7. Such further relief that the Court deems just and necessary.

Respectfully Submitted,<br>
U.S. Bank Trust National Association, as Trustee<br>
for ABS Loan Trust V,<br>
By and through its counsel,

Dated: November 17, 2021

/s/Brian C. Linehan, Esq
Brian Linehan, Esq. (BBO #690437)
Reneau J. Longoria, Esq. (BBO# 635118)
DOONAN, GRAVES & LONGORIA, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
Tel. (978) 921-2670
bl@dgandl.com

# VERIFICATION

STATE OF **UTAH** )
COUNTY OF **SALT LAKE** )

I, _____Palina Thorsted_____, being duly sworn, state:

I am a representative of Select Portfolio Servicing, Inc., servicer for U.S. Bank Trust National Association, as Trustee, for ABS Loan Trust V, the above-named Plaintiff in this action. I have read the Verified Complaint, am familiar with the contents thereof, and do thereby state that the same is true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

U.S. Bank Trust National Association, as Trustee
for ABS Loan Trust V,
by Select Portfolio Servicing, Inc.,
its servicer,

By: _____[signature]_____ 2-7-2022

Title: __Document Control Officer__
its: Attorney-in-Fact    Palina Thorsted

---

State of **Utah** )
County of **SaltLake** )

On this __7__ day of __Feb.__ 2022, before me, the undersigned notary public, personally appeared __Palina Thorsted   Document Control Officer__, who proved to me through satisfactory evidence of identification which was _____Personally Known_____ to be the person whose name is signed on the preceding or attached document, and acknowledged that she signed it voluntarily for its stated purpose.

_____[signature]_____
Name: **Malissa Wilkins**
Notary Public
My Commission expires: **JUN 1 5 2024**

MALISSA WILKINS
Notary Public, State of Utah
My Commission Expires on:
June 15, 2024
Comm. Number: 712537

1